Fifth case for argument today is United States v. Johnson Mr. Sirianni Robert Sirianni on behalf of Mr. Johnson In this case, we're seeking a remand for criminal resentencing And the main question in the case is whether or not Mr. Johnson had a right to attend an in-chambers conference between his attorney, the court, and the prosecution where substantive issues of fact were discussed about his PSR and his sentencing There are a few factors in the case which we believe warrant reversal and remand for resentencing And I'd like to start with the first factor that we believe is important for this court is the plea agreement In the plea agreement, Mr. Johnson clearly indicated his intent to contest the $211,000 or the fraud amount or the loss amount in this case Later in his PSR, he also made objections to that amount He believed the more appropriate amount would be between $40,000 to $90,000 of fraud During the actual sentencing hearing, though, the court left the courtroom with the prosecution and the defense and came back and said, Mr. Johnson, it's our understanding now that there's no objection to the loss amount in this case or the restitution amount of $211,000 We believe that in-chambers conference was a violation of Mr. Johnson's due process rights Why isn't that argument covered by the appeal waiver? Thank you, Your Honor As a matter of fact, we did address the appeal waiver in the case, in the briefs and there are exceptions to the appeal waiver for due process and also exceptions to the appeal waiver for safeguards for individual sentencing phases as well as civilized processes in the judicial process So we believe the appeal waiver does not apply in the case for the reason that this was so fundamental to Mr. Johnson's case because the court never I must say, I don't really comprehend that argument I mean, the norm in a criminal case and a civil case, for that matter is that the lawyer is the client's agent and acts on his behalf and there are a handful of exceptions to that The client has to make a personal decision whether to appeal whether to plead guilty whether to testify But arguments pro and con about the amount of restitution I don't know of any case saying that only the client can do that So what's the point? This was not a kangaroo court This was the lawyer behaving as an agent just like normal Yes, Your Honor, there's two My response is this First, the court could ask Mr. Johnson ahead of time Mr. Johnson, do you mind if we step back in the chamber to discuss the actual loss amount in your case which was fundamental to his sentencing Or, when they came back from the in-chambers conference the court could have recited what occurred Is there some case you're relying on for the proposition that a client must participate personally in such discussions and cannot delegate to his lawyer? Your Honor, the brief makes a distinction on the Thomas case which this court decided and the way we address that issue is two-fold I wish you'd answer my question I ask you concretely Is there some case you're relying on for the proposition that this is something that cannot be delegated to counsel where counsel cannot be an agent? The answer is either yes or no And if it's yes, I'd really like you to cite the case Yes, Your Honor The answer is I'm not aware of a specific case that says that this procedure is illegal or can't take place The brief is based on the context of decisions like Doe and Thomas where we differentiate the actual waiver of the defendant being allowed to be in an in-chambers conference In those cases, where in our case Mr. Johnson never waived that right to be present and in our case substantive issues were discussed regarding his actual sentencing loss amount as well as the restitution amount In the Thomas case, we distinguish it from Thomas for the very same reason that in Thomas, the waiver, the discussions took place in advance on a telephone conference In our case, the actual conference between the court and the defendant and the prosecution took place during the sentencing phase So there was no advance notice to Mr. Johnson that this type of activity would be taking place Next, there were no objections to the PSR made by counsel and there was no sentencing memorandum So Mr. Johnson went into the sentencing thinking that he was going to get a clear objection to the $211,000 of loss and then came back and was surprised when the fact that he didn't actually obtain those objections or the lower sentencing amount during the sentencing phase Except Mr. Johnson was placed under oath just looks like three pages of transcript prior to his response on the amount of the restitution So it's not a long temporal gap between him being sworn and told are you going to tell the truth and then him answering yes Yes, Your Honor, his quotation was, yeah, yes He stuttered a little bit He wasn't as confident in that response in our opinion as in the other responses he gave during the sentencing phase However, my point is before he went into the sentencing phase of that procedure he was thinking I'm going to get a $40,000 to $90,000 loss amount or $40,000 to $90,000 of restitution When he came back he trusted his attorney to make those arguments When they weren't waived he's not a lawyer He wasn't akin to the legal system This is his first involvement with the law and the court made no attempt to actually describe to Mr. Johnson what took place in the back of the courtroom without his presence And we believe that that does violate his due process rights to be present during an integral phase of the sentencing process And the reason why is because those were procedural issues that were discussed in the back of the chambers There were substantive issues pertaining to the actual loss amount We believe that when there are substantive issues discussed in chambers, the defendant does have a right even under Thomas to be present and listen to those conversations Or at a minimum, the court should come back and explain to the defendant what actually occurred behind closed doors I'd like to leave the balance of my time for rebuttal If that's okay with the court Certainly, Mr. Ceriotti Mr. Wright May it please the court Brian Wright for the United States We'd like to begin with Judge Easterbrook, your colleague We think that line of questioning begins and ends the court's analysis here There's no reason that Mr. Johnson's attorney couldn't and wasn't acting as Mr. Johnson's agent during that discussion This is commonplace for pre-sentence investigations as a whole What objections to raise The court's winnowing the issues Restitution is clearly within that core of claims that a client can deputize his attorney to decide for him And even beyond that, if that isn't true the court then soon after came on the record Judge Brennan, as you noted asked Mr. Johnson and stated at the in-chambers conference we talked about restitution and my understanding is there's no restitution argument and Mr. Johnson himself said yes, yeah So even if the in-chambers conference was something of a problem the hearings, the sentencing hearing on the record, what occurred on the record cured any potential problem For that reason, Mr. Johnson can't overcome his appeal waiver Certainly, this felt, it rose to the level of some minimal civilized procedure much less he can't show an actual due process violation And Judge Reagan is coming from the Southern District of Illinois to the Southern District of Indiana Is that as a result of case pressures? Yeah, the Southern District of Indiana at that point in time was under a judicial emergency Our district has since had two new judges appointed which has, I think, alleviated a lot of the pressure I don't want to speak for the judges but I think it has Now the pressure is in the Southern District of Illinois which is down to 50% of its authorized staff Yeah, that's probably I don't know if the Southern District of Indiana was quite that bad but at this point in time it was a judicial emergency So Judge Reagan, I think there was one other judge at some point that came and said as well but that's why Judge Reagan was there Yes, Your Honor The court has no further questions We'd be happy to rest on our briefing and ask the court to affirm Thank you Thank you, Counsel Anything further, Mr. Sirianni? Just briefly I just want to reiterate the fact that Mr. Johnson objected during the plea actual plea agreement his objection is that it's the loss amount and the fraud amount Also in the PSR he objected Our contention is that when there are substantive issues involved that are factual findings the defendant has a right to be present and these were more than procedural concerns these were substantive issues We ask the court to reverse and revamp every sentence Thank you for your time Thank you very much, Counsel The case is taken under advisement